IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


SEIKO EPSON CORPORATION, a                    05-CV-567-BR
Japan corporation; EPSON
AMERICA, INC., a California                   OPINION AND ORDER
corporation, and Epson
Portland, Inc.; an Oregon
corporation; and EPSON
PORTLAND, INC.,

        Plaintiffs,

v.

ARMOR S.A., a French
corporation; ARTECH GMBH, a
German corporation; and
ARMOR USA, Inc., a Kentucky
corporation,

        Defendants.


DAVID AXELROD
CHRISTOPHER C. DORR
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Ave.
Portland, OR  97204-3795
(503) 222-9981


1  -   OPINION AND ORDER

**HAROLD A. BARZA**
**STEVEN M. ANDERSON**
**RYAN GOLDSTEIN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017-2543
(213) 624-7707

	Attorneys for Plaintiffs

**STEPHEN F. ENGLISH**
**JOHN KAEMPF**
**STEPHEN F. DEATHERAGE**
Bullivant Houser Bailey, P.C.
300 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 92704-2089
(503) 228-6351

**MATTHEW B. LOWRIE**
Lowrie, Lando, & Anastasia, LLP
Riverfront Office Park,
One Main St., Eleventh Floor
Cambridge, MA 02142
(617)395-7003

	Attorneys for Defendants

**BROWN, Judge.**

	This matter comes before the Court on Defendant Armor S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (#20).  For the reasons that follow, the Court **DENIES** Armor S.A.'s Motion.

### PROCEDURAL BACKGROUND

	Plaintiffs (Epson) bring this patent infringement case pursuant to 35 U.S.C. § 271.  Epson alleges Defendant Armor S.A., a French company, developed, manufactured, and sold ink for use

2 -	OPINION AND ORDER

in ink cartridges that were designed, manufactured, and sold in the United States generally, and more particularly, in Oregon, by Defendant Artech GMBH (Artech), a German company.  Epson alleges the ink cartridges infringe multiple patents issued to Epson by the United States Patent Office between 1992 and 2003.

This case involves substantially the same patents that were at issue in *Seiko Epson Corp. v. Print-Rite Holdings, Ltd.*, CV-01-500-BR, and *Seiko Epson Corp. v. Multi-Union Trading Co.*, CV-05-550-BR.[1]  On March 28, 2002, in *Print-Rite Holdings*, this Court dismissed Epson's claims against Defendants Print-Rite Holdings, Ltd., and Print-Rite Management Services Co. for lack of personal jurisdiction.  On March 3, 2005, in the same case, the Court granted Epson's motion for summary judgment against the remaining defendants, Multi-Union and Dynamic Print USA, Inc., on representative claims as to Patent 5,622,439.  On June 8, 2005, the Court entered a "Stipulated Final Consent Judgment and Order for Permanent Injunction" in both cases in favor of Epson against the defendants as to all patent claims.[2]

---

[1] The two cases raised the same infringing conduct, but they involved allegations regarding different ink cartridges identified by IFE Order Code Numbers.

[2] On February 17, 2006, Epson filed *Seiko Epson Corp. v. Glory South Software,* CV-06-236-BR, which involves substantially the same patents.

3  -   OPINION AND ORDER

**RELEVANT FACTS**

The following facts are based on the uncontroverted allegations in Plaintiffs' Complaint and the Declarations and Exhibits filed by the parties.

Armor S.A. is a French corporation comprised of a thermal-transfer division and an office-supply division. It does not have a registered agent. It does not conduct business in Oregon or anywhere else in the United States, and is not authorized to do so. Moreover, Armor S.A. does not specifically manufacture or sell any of the alleged infringing ink cartridges at issue in this case.

At relevant times before this case was filed, Armor S.A.'s office-supply division in Europe manufactured ink for use as a component in ink cartridges manufactured in Europe by its subsidiary, Artech. Armor S.A. sold the ink to Artech at cost plus freight and administrative expenses.

Apparently beginning in 2004, Armor S.A. transferred to Artech an undocumented license to manufacture ink based on Armor S.A.'s proprietary formula for use in Artech's ink cartridges. Between 2004 and 2006, more than 50% of the ink used in Artech's ink cartridges was supplied directly by Armor S.A. or manufactured by Artech under the undocumented license.

As of February 14, 2006, Armor S.A.'s website broadly describes Armor S.A.'s involvement in the manufacture of Artech's

4  -   OPINION AND ORDER

ink cartridges.  On its website, Armor S.A. states that "[t]o perfect its process, Armor S.A. and Artech have jointly developed the design and manufacture of containers.  Guaranteed print quality depends on the ink/cartridge combination."

In the United States, Artech's largest customer for its ink cartridges is Staples, which operates office-supply stores throughout the country, including Oregon.  In 2004, all of the ink in Artech's ink cartridges sold to Staples was manufactured by Armor S.A.

Armor S.A. monitors Artech's sales of ink cartridges in the United States on a monthly basis.

## STANDARDS

The district court applies the law of the Federal Circuit rather than the law of the regional circuits to determine whether the district court has personal jurisdiction over the defendant in a patent-infringement case.  *Red Wing Shoe Co, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).  *See also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).  To determine whether jurisdiction over an out-of-state defendant comports with due process, the court considers whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum

5   -   OPINION AND ORDER

state, and (3) personal jurisdiction is reasonable and fair. *Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

For personal jurisdiction to lie with the district court, a defendant must have meaningful contacts, ties, or relations with the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471 (1986). These ties may be formed by activities creating either general or specific jurisdiction. *Id.*

1.  **General Jurisdiction.**

A district court has general jurisdiction over the defendant if the plaintiff shows the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). This standard is "fairly high" and requires the contacts to be of the sort that approximates physical presence within the state. *Id*. (internal citations omitted). Pertinent factors are whether the defendant "makes sales, solicits, or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, has employees or is incorporated in the state." *Hirsch v. Blue Cross and Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986).

6  -   OPINION AND ORDER

2.  **Specific Jurisdiction**.

Specific personal jurisdiction over a nonresident defendant is proper in a patent case if (1) a forum state's long-arm statute permits service of process and (2) jurisdiction is consistent with due process. *Coyle,* 340 F.3d at 1349.

Oregon's long-arm statute confers jurisdiction to the "outer limits of due process under the United States Constitution." *State ex rel. Hydraulic Servocontrols, Inc. v. Dale*, 294 Or. 381, 384 (1982). *See also* Or. R. Civ. P. 4L. Oregon's long-arm statute, therefore, is co-extensive with the limits of due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 760 (9th Cir. 1990).

3.  **Burden of Proof - Nature of Evidence**.

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish that jurisdiction exists. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

"A motion to dismiss for lack of personal jurisdiction ordinarily is resolved on the basis of affidavits and discovery materials." *Id. See also Overby v. Oregonian Publ'g*, 882 F. Supp. 964, 965 (D. Or. 1995). To defeat a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff merely has to make a *prima facie* showing that the court has personal

7  -   OPINION AND ORDER

jurisdiction.  The court must assume the truth of uncontroverted allegations in the complaint.

## DISCUSSION

Epson concedes Armor S.A.'s contacts with Oregon are not sufficiently substantial, continuous, or systematic to confer general jurisdiction.  Epson, however, contends it has presented facts sufficient to establish a *prima facie* showing of the district court's specific jurisdiction over Armor S.A.

1. **Purposeful Availment in Oregon**.

The exercise of personal jurisdiction satisfies due-process requirements if the defendant placed the infringing product in the stream of commerce, knew the likely destination of the product, and engaged in conduct and had connections with the forum state such that the defendant reasonably should have anticipated being brought into court in that forum.  *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1566 (Fed. Cir. 1994).

Epson argues the "stream-of-commerce" theory of personal jurisdiction enunciated in *Beverly Hills* applies to Armor S.A.'s manufacture and sale of ink that is an essential component for the allegedly infringing ink cartridges even though the ink does not separately infringe any of Epson's claims relating to its ink

8  -   OPINION AND ORDER

cartridges. According to Epson, Armor S.A.'s "participation in the process of manufacturing ink cartridges" that Armor S.A. knows "are sold throughout the United States," subjects Armor S.A. to personal jurisdiction in Oregon courts because it intentionally placed its products "in the stream of U.S. commerce"

Armor S.A. argues it has not purposefully availed itself of the benefits and protections of doing business in Oregon because it has not directed its activities towards Oregon and does not "design, manufacture, or sell allegedly infringing ink cartridges in Oregon." Armor S.A. contends it would not expect, therefore, to be haled into court in Oregon. According to Armor S.A., merely "supplying component parts to another foreign corporation that uses those parts to make products that are then sold to distributors who import them into the forum state" does not subject the supplier to personal jurisdiction in the forum state.

Here, however, Epson has made a *prima facie* showing of activities by Armor S.A. that extend beyond the mere placement of a component in an allegedly infringing product that ultimately finds its way for sale in Oregon. Armor S.A. advertises on its website that, in addition to providing ink for Artech's ink cartridges, it has also worked with Artech to "develop[] the design and manufacture of ink cartridges that are suitable for

9 - OPINION AND ORDER

the ink Armor S.A. manufactures."

The facts in this case are similar to those in *Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp. 349 (D. Del. 1999). In *Motorola,* defendant AltoCom manufactured a soft-modem product to be integrated into computers, fax machines, and other communications devices that allowed those devices to operate more efficiently. The end product was placed in a distribution chain consisting of various retail outlets, which, in turn, sold the products to retail customers. AltoCom knew the likely destination of some of the end products was in the forum state (Delaware) because AltoCom had a licensing agreement through which it derived income from the end sales. The court held Altocom was subject to personal jurisdiction in Delaware because "Altocom and its licensees *. . . consorted* by acting in concurrence or harmony" to place the softmodems "in the stream of commerce." *Id.* at 355 (emphasis in original).

Here the extent of Armor S.A.'s involvement in the design and manufacture of Artech's ink cartridges is unclear. Epson, however, has presented sufficient evidence to establish a *prima facie* showing that Armor S.A. acted in concert with Artech to place ink cartridges that contain ink manufactured by Armor S.A. and/or by Artech pursuant to a license granted by Armor S.A. into the stream of commerce in the United States through a retailer (Staples) that has nationwide outlets, including stores

10 -    OPINION AND ORDER

in Oregon. Under these facts, Armor S.A. hardly can assert it did not know the likely destination of its ink product, particularly since it monitors Artech's sales on a monthly basis.

On this record, therefore, the Court finds Epson has made a *prima facie* showing that Armor S.A. purposefully availed itself of the privileges and benefits of doing business in Oregon.

### 2. **Activities Giving Rise to Patent Infringement**.

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer."[3] "In order to succeed on a claim of inducement, the patentee must show first, that there has been direct infringement" and "second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002). Induced infringement requires "actively and knowingly aiding and abetting another's direct infringement." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990). "While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice."

---

[3] 35 U.S.C. § 271(c) provides: "The seller of a material part of a patent may be a contributory infringer if he makes a non-staple article that he knows was especially made or especially adapted for use in the infringement of such patent." Epson, however, does not assert a claim against Armor S.A. nor present any evidence of contributory infringement by Armor S.A.

11 -   OPINION AND ORDER

*Water Techs. Corp v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988).

In their Complaint, Epson alleges Armor S.A. makes, uses, imports, offers to sell, and sells infringing products in Oregon. The Court must assume the truth of those allegations if they are not controverted. *See Overby*, 882 F. Supp. at 965.

Epson does not specifically address the requirement that their patent-infringement claim must arise from Armor S.A.'s activities connected to Oregon in order for Armor S.A. to be subject to personal jurisdiction in Oregon. In addition, Epson does not allege Armor S.A.'s ink products directly infringe any Epson patent. In their Complaint, however, Epson alleges "defendants are aiding and abetting and actively inducing infringement of the Epson patents by each other defendant and other parties."

Armor S.A. asserts it does not make, use, offer to sell, or sell ink cartridges in Oregon nor has it ever done so in Oregon. According to Armor S.A., 1) it was only one of the suppliers of ink for Artech's ink cartridges; 2) Artech decided on the ink that it purchased without input from Armor S.A.; and 3) the ink was merely a "commodity, and just one component of the accused cartridges." Armor S.A., therefore, asserts Epson's patent-infringement claim does not arise from the conduct of Armor S.A.

12 -   OPINION AND ORDER

On this record, however, the Court finds Epson has alleged and presented facts sufficient to make a *prima facie* showing that the alleged joint activities of Armor S.A. and Artech relating to the development and design of ink cartridges that are compatible with Armor S.A.'s ink aided and abetted Artech's alleged infringement of Epson's ink-cartridge patents.

Accordingly, the Court concludes Epson has made a *prima facie* showing that their patent-infringement claim arises from Armor S.A.'s alleged activities in inducing the infringement of Epson's ink-cartridge patents.

**3.   Due Process - Fairness and Reasonableness.**

Even if Armor S.A. had purposeful minimum contacts with Oregon, Armor S.A. asserts it would not be fair and reasonable to be subjected to this Court's jurisdiction because the "absence of Armor S.A. would [not] adversely affect either [Epson's] ability to make out an infringement case . . . or [Epson's] ability to collect a full damages award should [Epson] prevail on the merits."

"Minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 477-78 (1985)(quoting *Internat'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)).  The lack of reasonableness, however, must be

13 -   OPINION AND ORDER

"compelling." *Id.* Generally such cases "are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills*, 21 F.3d at 1567.

Armor S.A. relies on the same arguments it made to support the proposition that its minimum contacts were not sufficient for purposes of specific jurisdiction in Oregon. The Court, however, already has rejected those arguments.

Armor S.A.'s only other argument is that Epson's ability to obtain a verdict and to recover damages if warranted is not hampered by Armor S.A.'s absence from this litigation. That argument, however, is not relevant. Epson has an interest in litigating this matter in Oregon because Epson Portland is an Oregon corporation. *See Stockamp & Assoc., Inc. v. Accretive Health*, CV 04-1443-BR, 2005 WL 425456, at *5 (D. Or. Feb. 18, 2005)("Oregon has a substantial interest in adjudicating a dispute involving an Oregon corporation that alleges injury due to the intentional tort of another."). S*ee also Perry v. Vandelay Indust. S.A.R.L.,* CV 02-206-HA, 2002 WL 31488246, at *4 (D. Or. Jun. 6, 2002)("Oregon has a strong interest in protecting the rights of one of its aggrieved citizens.").

The Court, therefore, finds it is neither unreasonable nor unfair for Armor S.A. to be required to defend this action in Oregon. Accordingly, the Court concludes it has personal jurisdiction over Armor S.A. in this case.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Armor S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (#20).

IT IS SO ORDERED.

DATED this 28th day of March, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Seiko-Armor-Pers.Juris. O&O.3-27-06-mf.wpd

15 -   OPINION AND ORDER